951 F.2d 349
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles E. GAVETTE, Plaintiff-Appellant,
v.
INTERNAL REVENUE SERVICE, Defendant-Appellee.
 No. 91-1213.
 United States Court of Appeals, Sixth Circuit.
 Dec. 13, 1991.
 
 Before ALAN E. NORRIS and SILER, Circuit Judges; and WELLFORD, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff Charles Gavette, appeals from the order of the district court granting summary judgment to defendant, Internal Revenue Service ("IRS"). In his complaint, plaintiff alleged, in essence, that the IRS failed to notify him of re-employment and promotion rights in violation of federal laws prohibiting discrimination on the basis of age and handicap, resulting in loss of promotion and career opportunities.
 
 
 2
 The plaintiff filed all of his grievances, at one time or another, with the Equal Employment Opportunity Commission (EEOC) agency and the Merit Systems Protection Board (MSPB). The EEOC agency denied him relief on all counts and notified the plaintiff of his right to sue in district court. After the plaintiff filed with the MSPB, the MSPB ruled in his favor in certain respects and rendered a final decision in the matter on March 8, 1990. The defendant complied with the MSPB order and notified the plaintiff of its substantial compliance on May 7, 1990, and the plaintiff did not contest that compliance in a timely manner.[1]
 
 
 3
 In granting summary judgment to the defendants, the district court held that, as to the MSPB process, it had no subject matter jurisdiction to hear any matters concerning the defendant's compliance with the MSPB order because the plaintiff had not first appealed to the MSPB. The court further held that there was no evidence in the record of discrimination against this plaintiff. This court will address that part of the district court's opinion holding that there was no evidence of discrimination. With respect to this holding, the district court noted:
 
 
 4
 [T]here is nothing in the record to suggest the IRS treated on-the-job employees any differently then [sic] those on disability leave regarding promotional opportunities. All employees, it appears, are required to have on file a Form 4536 to be considered for promotion.
 
 
 5
 .............................................................
 
 
 6
 ...................
 
 
 7
 * * *
 
 
 8
 The Court notes the voluminous filing of papers and exhibits, and failure of the parties to identify with particularity the particular provisions of such papers and exhibits applicable to their argument, as well as failure to identify with particularity the issues that were really in contest.
 
 
 9
 Our examination of the record on appeal leads us to agree with the district court's conclusion that none of plaintiff's filings satisfied his burden to respond to defendant's motion for summary judgment, as required by the Celotex trilogy of cases and its progeny. See Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Matsushita Electric Indus. v. Zenith Radio Corp., 475 U.S. 574 (1986). We review a grant of summary judgment de novo. McAdoo v. Dallas Corp., 932 F.2d 522, 523 (6th Cir.1991). Inferences are drawn in a light most favorable to the non-movant, but "summary judgment may be granted where the evidence is merely colorable or is not significantly probative." Id. at 524.
 
 
 10
 On appeal, plaintiff points to some evidence that he says demonstrates that he was the victim of disparate treatment--that, as a handicapped person, he did not receive notifications afforded able-bodied employees. However, that is not the theory upon which plaintiff proceeded in the trial court. There, he argued that IRS' failure to follow notification requirements was, ipso facto, discriminatory. He supported his argument with a small portion of the deposition of Sharon Hays, a personnel staffing specialist of the defendant, which indicated that she never personally notified individuals who were absent from work on workers' compensation of promotion opportunities. Plaintiff argued that handicapped persons were not advised of their rights, but did not point out evidence demonstrating that on-the-job able-bodied employees received that advice. The defendant did, in fact, post notices on a bulletin board at the workplace giving information as to when certain jobs were open and when it planned to hire. The plaintiff failed periodically to check the posted notices or call the office of personnel management for promotion information.
 
 
 11
 Accordingly, because the plaintiff did not posit to the district court a viable theory of discrimination supported by summary judgment evidence, we hold that the district court did not err in reaching its decision. The judgment of the district court is accordingly AFFIRMED.
 
 
 
 [1]
 There was some confusion as to whether the plaintiff challenged the decision of the EEOC agency or the MSPB in the district court. Under 29 C.F.R. § 1613.403, a plaintiff may file a "mixed case complaint" with the appropriate EEOC agency or the MSPB, but not both. This plaintiff chose to follow both avenues of relief and was apparently allowed to proceed in both fora. In the plaintiff's complaint, it appears that he is suing pursuant to his right to sue letters from the EEOC agency. In open court, however, the plaintiff's counsel agreed that the only issue on appeal was as to the defendant's compliance with the MSPB order. Because the district court addressed the results of both fora, this court is not obligated to decide which course of conduct should have been followed